THE ERIE COUNTY UNITED BANK, APPELLANT, *v.* BOGART, APPELLEE.

(No. 582—Decided October 16, 1944.)

*Messrs. Young & Young,* for appellant.

*Messrs. Flynn, Frohman, Buckingham, Py & Kruse* and *Mr. Thomas G. Williams,* for appellee.

CARPENTER, J. The plaintiff, The Erie County United Bank, sought herein to replevin from defendant, Howard C. Bogart, a Buick automobile. The judgment was for defendant and awarded $500 damages. The facts are practically undisputed.

On April 9, 1940, Ralph O. Nottke, a dealer in automobiles, presented to the bank what purported to be a combined note for $924 and a chattel mortgage on the automobile in question, on which instrument the signature of the claimed purchaser of the automobile,

Wilson Seels, was forged. The next day Nottke, ostensibly acting under the statute governing titles to motor vehicles, Section 6290-2 *et seq.*, General Code, presented to the clerk of courts of Erie county, a power of attorney on which the signature of Wilson Seels was forged. A deputy clerk in that office, R. Bang, acting as a notary public, falsely certified that the power of attorney was sworn to before her by Seels. Exercising the power apparently contained in that instrument, Nottke, on behalf of Seels, applied for a certificate of title, stating that the bank held a first lien for $924, and presented the forged chattel mortgage and a legal certificate of title of the manufacturer, duly assigned to Nottke. On those papers the clerk, by the deputy, R. Bang, issued a certificate in the name of Wilson Seels, with a notation of the bank's lien. On the same day the certificate, with the forged mortgage stamped by the clerk of courts, was delivered to the bank, which gave Nottke $825. Wilson Seels never had anything to do with the transaction nor did he know anything about it at the time.

On May 1, 1941, Nottke, who had not otherwise disposed of the legal title to the automobile which came to him by the valid certificate of the manufacturer, sold the automobile to defendant and in exchange took $40 and a proper title to a used Pontiac automobile, and defendant arranged for a loan from the bank for $448, the balance of the purchase price, to be secured by a mortgage on the Buick automobile. This transaction was never completed because of lack of title to the automobile.

Certainly the forged chattel mortgage was entirely void and could give the bank no interest in the automobile for any purpose. Section 8128, General Code. The application for the certificate of title and the cer-

tificate too, standing as they did upon the forged power of attorney, were likewise utterly void, and the fact that the lien of the forged and void chattel mortgage was endorsed thereon gave neither the title nor the lien any validity.

Although the bank had parted with its $825, the chain of false, forged and fictitious instruments could give it no interest in the title to the automobile against the defendant who had possession of it from its then lawful owner, and who had parted with $40 and the title to his used automobile. The judgment of the trial court on the issue in replevin was correct. As a result of that judgment defendant was entitled to damages for the loss sustained when the automobile was taken from him by this writ of replevin. The bank does not complain that the award of $500 was excessive.

*Judgment affirmed.*

LLOYD and STUART, JJ., concur.